UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT



| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:02CR341 (EBB) |
| v. | Violation:<br>18 U.S.C. § 371 (conspiracy) |
| DARIEL PEREZ TORRES, | |
| Defendant. | |

## SUBSTITUTE INFORMATION

The United States Attorney charges:

### INTRODUCTORY ALLEGATIONS

1. At all times relevant to this Information, Shoreline Motors Corporation was incorporated under the laws of the State of Connecticut. Shoreline Motors Corporation did business as "Shoreline Mitsubishi," and operated an automobile dealership located at 165 North Main Street, Branford, Connecticut. Shoreline Mitsubishi was in the business of selling new Mitsubishi automobiles, as well as used automobiles, to the public ("customers").

2. At certain times relevant to this Information, defendant DARIEL PEREZ TORRES was an employee of Shoreline Motors Corporation, working as a salesperson at Shoreline Mitsubishi.

3. At all times relevant to this Information, Angel Hernandez was the General Manager of Shoreline Mitsubishi and for a period of time relevant to this Information, was a 25 percent owner of Shoreline Motors Corporation.

4. At certain times relevant to this Information, Bruce Vetre was the Business

Manager of Shoreline Mitsubishi.

5. At certain times relevant to this Information, Jose Concepcion was a Junior Manager and subsequently a Sales Manager at Shoreline Mitsubishi.

6. At certain times relevant to this Information, David Brown, Richard Brown, James Clanton, Nelson Datil, Richard Dominguez, Michael Rivera, and Jose Espinosa were salespersons at Shoreline Mitsubishi.

7. Salespersons at Shoreline Mitsubishi were paid, in part, in the form of commissions which were tied to the sales prices paid by the customers. In general, the more money a customer paid for the car, the larger the commission was to the salesperson who sold that car.

8. Under federal law, 15 U.S.C. § 1232, every manufacturer of new automobiles is required, prior to the delivery of any new automobile to any dealer, or at or prior to the introduction date of new models delivered to a dealer prior to such introduction date, to securely affix to the windshield, or side window of such automobile a label on which such manufacturer must disclose, among other items: (1) the retail price of such automobile suggested by the manufacturer ("MSRP"); (2) the retail delivered price suggested by the manufacturer for each accessory or item of optional equipment, physically attached to such automobile at the time of its delivery to such dealer, which is not included within the MSRP; (3) the amount charged, if any, to such dealer for the transportation of such automobile to the location at which it is delivered to such dealer; and (4) the total of the amounts specified pursuant to items (1), (2), and (3).

9. The label described in paragraph 8 is commonly referred to as an automobile's "sticker" or "Monroney" label.

2

10. Under federal law, 15 U.S.C. § 1233(c), subject to limited exceptions, any person who willfully removes, alters, or renders illegible an automobile's Monroney label prior to the time that such automobile is delivered to the actual custody and possession of the ultimate purchaser of such new automobile, is guilty of a crime.

## COUNT 1

### CONSPIRACY TO REMOVE, ALTER, OR MAKE ILLEGIBLE "MONRONEY" LABELS FROM AUTOMOBILES

11. The allegations contained in paragraphs 1 through 10 are incorporated by reference in this Count as if fully set forth herein.

### The Conspiracy

12. From in or about February 2000, through in or about July 2002, the exact dates being unknown to the United States Attorney's Office, in the District of Connecticut, defendant DARIEL PEREZ TORRES and his coconspirators, including Shoreline Motors Corporation, Angel Hernandez, Bruce Vetre, Jose Concepcion, David Brown, Richard Brown, James Clanton, Nelson Datil, Richard Dominguez, Michael Rivera, Jose Espinosa, and others known and unknown, did knowingly and intentionally combine, conspire, confederate and agree together and with one another to remove, alter or make illegible "Monroney" labels required to be placed on new automobiles, in violation of 18 U.S.C. § 371 and 15 U.S.C. § 1233(c).

### Manner and Means of the Conspiracy

13. It was a part of the conspiracy that Shoreline Mitsubishi's General Manager, Angel Hernandez, and other managers at Shoreline Mitsubishi, instructed employees such as defendant DARIEL PEREZ TORRES not to focus the customer on the cash selling price of a car,

but instead to focus on the prospective monthly payment, assuming the customer was seeking to finance his or her automobile purchase.

14. It was a part of the conspiracy that Shoreline Mitsubishi, DARIEL PEREZ TORRES, and the other conspirators often sold new cars to customers for amounts substantially above MSRP. By focusing on the monthly payment and not the cash selling price, the conspirators made it more likely that the customers would agree to pay amounts well above MSRP.

15. It was a part of the conspiracy that defendant DARIEL PEREZ TORRES and his coconspirators prevented customers from obtaining the Monroney labels for their cars by causing the dealership's cleaning staff to remove the Monroney labels prior to the delivery of the cars to the purchasing customers.

### Overt Acts

16. In furtherance of the conspiracy to remove, alter or make illegible Monroney labels that were affixed to new automobiles, defendant DARIEL PEREZ TORRES and/or his coconspirators committed or caused to be committed, the following overt acts, among others, in the District of Connecticut:

17. On or about December 11, 2001, the defendant, DARIEL PEREZ TORRES, sold a new 2002 Mitsubishi Montero to a customer who will be referred to herein as I.S.#1. The defendant understood and expected that, at the time I.S.#1 left Shoreline Mitsubishi with the car he purchased, the cleaning staff would have removed the Monroney label from the vehicle and that I.S.#1 consequently would not have the Monroney label which originally had been affixed to that car.

4

18.   I.S.#1 was charged more than $1,500 above MSRP for the 2002 Mitsubishi Montero referred to in paragraph 17.

19.   The defendant and/or his coconspirators removed the Monroney label, or caused the Monroney label to be removed, from the 2002 Mitsubishi Montero referred to in paragraph 17 prior to that automobile being delivered to I.S.#1.

20.   After the sale of the 2002 Mitsubishi Montero to I.S.#1 at a price more than $1500 above MSRP, Shoreline Mitsubishi paid a commission to defendant DARIEL PEREZ TORRES which was calculated based on the price paid by I.S.#1 for the automobile.

All in violation of Title 18, United States Code, Section 371 and Title 15, United States Code, Section 1233(c).

UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

PETER S. JONGBLOED
SUPERVISORY ASSISTANT U.S. ATTORNEY

JONATHAN BIRAN
ASSISTANT U.S. ATTORNEY

MICHAEL S. McGARRY
ASSISTANT U.S. ATTORNEY