**U.S. Department of Justice**

United States Attorney
District of Connecticut

Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, Connecticut 06510

(203)821-3700

www.usdoj.gov/usao/ct
Fax (203) 773-5376

March 16, 2005

Ethan Levin-Epstein, Esq.
Garrison, Levin-Epstein, Chimes & Richardson, P.C.
405 Orange Street
New Haven, CT 06511

Re: *United States v. Dariel Perez Torres*, Criminal No. 3:02CR341 (EBB)

Dear Mr. Levin-Epstein:

This letter confirms the plea agreement entered into between your client, Dariel Perez Torres (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

The defendant agrees to plead guilty to a one-count substitute information charging him with conspiracy to remove, alter or make illegible the so-called "Monroney" labels required to be placed on new automobiles, in violation of 18 U.S.C. § 371 and 15 U.S.C. § 1233(c). He understands that in order to be guilty of this offense, the following essential elements must be satisfied:

1. A conspiracy or agreement to remove, alter or make illegible the "Monroney" labels from new automobiles prior to the time that such automobiles are delivered to the actual custody and possession of the ultimate purchasers of such automobiles was formed, reached or entered into by two or more persons.

2. At some time during the existence or life of the agreement, the defendant knew the purpose(s) of the agreement, and, with that knowledge, then deliberately joined the agreement.

3. At some time during the existence or life of the agreement, one of its alleged members knowingly performed one of the overt acts charged in the substitute Information and did so in order to further or advance the purpose of the agreement.

Ethan Levin-Epstein, Esq.
March 16, 2005
Page-2

## THE PENALTIES

This offense carries a maximum penalty of one year of imprisonment and a $1,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than one year, to begin at the expiration of any term of imprisonment imposed. The defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of up to one year with no credit for the time already spent on supervised release.

The defendant also is subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed on the defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; (3) $100,000; or (4) $1,000, the amount specified in the section defining the offense.

In addition, the defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $25 on the count of conviction. The defendant agrees to pay the special assessment due to the Clerk of the Court on the day the guilty plea is accepted.

### Restitution

In addition to the other penalties provided by law, the Court may order that the defendant make restitution under 18 U.S.C. § 3663. The scope and effect of the order of restitution are set forth in the attached Rider Concerning Restitution.

The defendant understands that the payment of restitution may be a condition of any supervision imposed by the Court and that failure to make payments may be considered a violation of the order of supervision.

The parties agree to recommend that the Court order the defendant to pay restitution in the amount of $1,578.50 to an individual referred to herein as I.S.#1. The defendant understands that the Court may order the defendant to make additional restitution to other victims.

## THE SENTENCING GUIDELINES

1. Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 543 U.S. __ (2005). The defendant expressly understands that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the

Ethan Levin-Epstein, Esq.
March 16, 2005
Page-3

Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if his sentence or the Guideline application is other than he anticipated.

### 2. No Sufficiently Analogous Guideline

The parties stipulate that the substantive offense of 15 U.S.C. § 1233(c) is not covered by a specific sentencing guideline and that, under the commentary to U.S.S.G. § 2X1.1, application note 3, the Court must refer to U.S.S.G. § 2X5.1. The parties further stipulate that there is no sufficiently analogous guideline and that, under U.S.S.G. § 2X5.1, the provisions of 18 U.S.C. § 3553(b) shall control, except that any guidelines and policy statements that can be applied meaningfully in the absence of a Chapter Two offense guideline shall remain applicable. The Court is not bound by the parties' stipulation that the provisions of 18 U.S.C. § 3553(b) shall control. The defendant expressly understands that he may not withdraw his plea of guilty if the Court determines that there is a sufficiently analogous sentencing guideline which is applicable to this case.

In the event that the Court asks for the parties' calculation of a sentencing guidelines range under a particular sentencing guideline, the parties reserve the right to respond to such inquiry and to make appropriate legal arguments regarding such potential calculations. Moreover, to the extent that the Court deems there to be a sufficiently analogous sentencing guideline and considers that guideline in imposing the defendant's sentence, the Government expressly reserves the right to challenge or defend the Court's determination in any post-sentencing proceeding.

### 3. Acceptance of Responsibility

To the extent the sentencing Court concludes that there is a sufficiently analogous sentencing guideline, at this time, the Government agrees to recommend that the Court reduce by two or three levels, whichever is greater, the defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1, based on the defendant's prompt recognition and affirmative acceptance of personal responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition. In addition, this recommendation is conditioned upon the defendant timely providing complete information to the Government concerning his involvement in the offense to which he is pleading guilty. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if the defendant engages in any acts which (1) indicate that the defendant has not terminated or withdrawn from criminal conduct or associations (U.S.S.G. § 3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (U.S.S.G. § 3C1.1); or (3) constitute a violation of any

*Ethan Levin-Epstein, Esq.*
*March 16, 2005*
*Page-4*

condition of release. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

    4.    <u>Departures</u>

To the extent the sentencing Court concludes that there is a sufficiently analogous sentencing guideline, the parties reserve their rights to argue for departures from the applicable sentencing guidelines range.

    5.    <u>Appeal Rights Regarding Sentencing</u>

The parties reserve their respective rights to appeal and to oppose each other's appeal of the sentence imposed as permitted by the statute.

    6.    <u>Information to the Court</u>

The Government expressly reserves its right to address the Court with respect to an appropriate sentence to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office and will provide the Probation Officer with access to its file, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one will be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

Ethan Levin-Epstein, Esq.
March 16, 2005
Page-5

### Waiver of Right To Post-Conviction DNA Testing of Physical Evidence

The defendant understands that the Government has various items of physical evidence in its possession in connection with this case that could be subjected to DNA testing. The defendant further understands that following conviction in this case, he could file a motion with the Court to require DNA testing of physical evidence pursuant to 18 U.S.C. § 3600 and § 3600A in an attempt to prove his innocence. The defendant fully understands his right to have all the physical evidence in this case tested for DNA, has discussed this right with his counsel, and knowingly and voluntarily waives his right to have such DNA testing performed on the physical evidence in this case. Defendant fully understands that because he is waiving this right, the physical evidence in this case will likely be destroyed or will otherwise be unavailable for DNA testing in the future.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following defendant's plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement (including any indictment or counts the Government has agreed to dismiss at sentencing pursuant to this plea agreement) may be commenced or reinstated against defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. The defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## SCOPE OF COOPERATION

The defendant agrees to cooperate fully with the Government and special agents of the Federal Bureau of Investigation, U.S. Secret Service, and state and/or local law enforcement authorities as may be required. The defendant understands that all of his cooperation, testimony, statements, information and other assistance as provided below must be fully truthful, accurate and complete. This cooperation will include the following:

1. The defendant agrees to be debriefed and to disclose fully and truthfully and on a continuing basis all information concerning his knowledge of and participation in criminal activities by himself or others whether or not related to the charges to which he is pleading guilty. All documents and objects that may be relevant to the investigation and which are in the defendant's possession, custody or control shall be furnished by him upon request.

2. The defendant agrees to testify truthfully before a grand jury and at any trials or other proceedings in the District of Connecticut or elsewhere as may be required by the Government.

*Ethan Levin-Epstein, Esq.*
*March 16, 2005*
*Page-6*

Informing the Court/Others About Cooperation

The defendant expressly understands that the sentence to be imposed upon him is within the sole discretion of the sentencing Court. The Government cannot and does not make any promise or representation as to what sentence the defendant will receive, nor will it recommend any specific sentence to the sentencing Court. However, the Government will inform the sentencing Court and the Probation Office of the nature and extent of the defendant's cooperation, including its investigative or prosecutive value, completeness, truthfulness, and accuracy, or the lack of its value, completeness, truthfulness and accuracy. In addition, the Government will make this information known to any other administrative or governmental entity designated in writing by the defendant's counsel.

In addition, if the Government determines that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government will file a motion pursuant to Section 5K1.1 of the Sentencing Guidelines and 18 U.S.C. § 3553(e) advising the sentencing Court of all relevant facts pertaining to that determination and requesting the Court to sentence the defendant in light of the factors set forth in Section 5K1.1(a)(1)-(5). The defendant understands that the determination whether or not to file such a motion rests solely with the Government. The defendant further understands that, whether or not the Government files a motion pursuant to Section 5K1.1, the Court may impose a sentence it believes to be reasonable in consideration of all relevant factors, including the defendant's cooperation. The defendant understands that even if a 5K1.1 and/or § 3553(e) motion is filed, the Court is under no obligation to grant or act favorably upon the motion. It is expressly understood that the sentence to be imposed on the defendant remains within the sole discretion of the sentencing Court.

Use of Information Against Defendant

Except as provided below, the Government will not use any information disclosed by the defendant during the course of his cooperation against him in any subsequent, unrelated criminal prosecution. The defendant understands that under § 1B1.8 of the Sentencing Guidelines, the information that he discloses must be brought to the attention of the Court. The Government will ask that such information not be considered by the Court in tailoring an appropriate sentence. However, the defendant also understands, as set forth below, that if he breaches this agreement such information, statements or testimony will be considered by the Court in connection with sentencing, and the Government may prosecute him for any federal criminal violation and may use any information, statements or testimony provided by him, as well as leads or evidence derived therefrom, in such prosecution. Nothing in this agreement shall be construed to protect the defendant from prosecution for perjury, false statement or obstruction of justice, or any other offense committed by him after the date of this agreement, and the information provided by the defendant may be used against him in any such prosecutions.

*Ethan Levin-Epstein, Esq.*
*March 16, 2005*
*Page-7*

## BREACH OF AGREEMENT

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, violates a condition of his bond or supervised release, engages in any criminal activity, or fails to appear for sentencing, the Government may void all or part of this agreement. In addition, if the Government determines that the defendant has intentionally given false, misleading, or incomplete information or testimony; has failed to disclose his involvement in other criminal conduct; has committed or attempted to commit any further crimes; has failed to appear for sentencing; has failed to cooperate fully; or otherwise has violated any provision of this agreement, then the Government may deem all or part of this agreement null and void. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his plea of guilty.

In the event the Government voids the plea agreement, the defendant will be subject to prosecution for the underlying offense as well as any other federal criminal violation, including but not limited to perjury, false statement, and obstruction of justice. Any such prosecution may be premised upon (1) any information or statement provided by the defendant to the Government or other designated law enforcement agents or officers, (2) any testimony given by him in court, grand jury, or other proceedings, and (3) any leads derived from such information, statements, or testimony. The defendant understands that such information, statements, testimony, and leads derived therefrom may be used against him in any such prosecution. Moreover, the defendant agrees that all such information, statements, or testimony shall be admissible in criminal proceedings against him, and he expressly waives any claim under the Constitution, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule or statute, that such information, statements, testimony, or leads should be suppressed or excluded. Finally, the defendant waives any claim that such prosecution is time-barred where the statute of limitations has expired between the signing of this agreement and the commencement of any such prosecution.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and is pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in the plea agreement letter), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. The defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

## DEFENDANT NOT A PREVAILING PARTY

The defendant expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he has pleaded guilty. The defendant understands that the Government reserves the right to notify any state or federal agency by which he is licensed, or with which he does business, as well as any current or future employer of the fact of his conviction.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY

The defendant's guilty plea, if accepted by the Court, will satisfy the federal criminal liability of the defendant in the District of Connecticut as a result of his participation in the scheme to defraud at the Shoreline Mitsubishi automobile dealership, which forms the basis of the indictment which is pending in this case. After sentencing, the Government will move to dismiss the Superseding Indictment, the Second Superseding Indictment, and the Third Superseding Indictment to the extent they apply to the defendant.

## NO OTHER PROMISES

Apart from any written Proffer Agreement, the defendant acknowledges that no other promises, agreements, or conditions have been entered into other than those set forth in this plea agreement, and none will be entered into unless set forth in writing, signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JONATHAN BIRAN
ASSISTANT UNITED STATES ATTORNEY

MICHAEL S. McGARRY
ASSISTANT UNITED STATES ATTORNEY

The defendant certifies that he has read this plea agreement letter and its attachment(s) or has had it read or translated to him, that he has had ample time to discuss this agreement and its attachment(s) with counsel and that he fully understands and accepts its terms.

_____     3-16-05
DARIEL PEREZ TORRES                 Date
The Defendant

I have thoroughly read, reviewed and explained this plea agreement and its attachment(s) to my client who advises me that he understands and accepts its terms.

_____     3\16\05
ETHAN LEVIN-EPSTEIN, ESQ.           Date
Attorney for the Defendant

## STIPULATION OF OFFENSE CONDUCT

The defendant, Dariel Perez Torres, and the Government stipulate and agree to the following offense conduct that gives rise to the defendant's agreement to plead guilty to the Substitute Information which will be filed in this case:

At various times in 2001 and 2002, the defendant was employed as a salesperson by Shoreline Motors Corporation, which did business as Shoreline Mitsubishi, an automobile dealership that was located at 165 North Main Street, Branford, Connecticut. Shoreline Mitsubishi was in the business of selling new Mitsubishi automobiles and used automobiles to the public ("customers").

Shoreline Mitsubishi's sales strategy, as implemented by General Manager Angel Hernandez, was not to focus the customer on the cash selling price of a car, but instead to focus on the prospective monthly payment, assuming the customer were approved for financing for his or her car purchase. Pursuant to Angel Hernandez's instructions, the defendant focused his customers on the monthly payments they could make. The defendant was aware that Shoreline Mitsubishi's policy often sold new cars to their customers for amounts substantially above the Manufacturer's Suggested Retail Price ("MSRP"). By focusing on the monthly payment and not the cash selling price, the dealership made it more likely that the customers would agree to pay amounts well above MSRP.

Another way in which the dealership facilitated its charging customers amounts significantly above MSRP was to prevent the customers from obtaining the "Monroney" labels for their cars. A Monroney label contains various items of information about the car to which it is affixed, including the car's MSRP. During his employment at Shoreline Mitsubishi, the defendant attended one or more meetings at which Angel Hernandez advised the sales staff that he (Hernandez) had instructed the people who cleaned the cars that, when the cars were cleaned prior to delivery the customers, they should remove the Monroney labels from the cars. The defendant understood from this that the persons cleaning the cars would remove the Monroney labels from the cars, and that the idea was to have the customers leave the dealership without receiving the Monroney labels for the cars they had purchased. The defendant's understanding was that at least one of the reasons this was done was to avoid any problems or controversy with the customers in relation to the purchase price of the cars. That is, the defendant understood that, if the customer retained the Monroney label, the customer could more easily ascertain that Shoreline Mitsubishi had charged him or her an amount substantially above MSRP. Thus, by removing the Monroney labels, the deals were more likely to go forward without incident than if the labels had not been removed. Defendant Perez understood this was the dealership's policy and practice during the period that he was a salesperson at Shoreline Mitsubishi, including December 11, 2001, the date on which he sold a car to I.S.#1. The defendant understood and expected that, at the time I.S.#1 left Shoreline Mitsubishi with the car he purchased, the cleaning staff had removed the Monroney label from the vehicle and that I.S.#1 consequently would not have the Monroney label which originally had been affixed to that car.

The written stipulation above is incorporated into the preceding plea agreement. It is understood, however, that the defendant and the Government reserve their right to present additional relevant offense conduct to the attention of the Court in connection with sentencing.

_____    3-16-05
DARIEL PEREZ TORRES                 Date
The Defendant

_____    3/16/05
ETHAN LEVIN-EPSTEIN, ESQ.           Date
Attorney for the Defendant

_____    3-16-05
JONATHAN BIRAN                      Date
ASSISTANT U.S. ATTORNEY

_____    3/16/05
MICHAEL S. McGARRY                  Date
ASSISTANT U.S. ATTORNEY

2

## RIDER CONCERNING RESTITUTION

The Court shall order that the defendant make restitution under 18 U.S.C. § §3663A. The order of restitution may include:

1. If the offense resulted in damage to or loss or destruction of property of a victim of the offense, the order of restitution shall require the defendant to:

> A. Return the property to the owner of the property or someone designated by the owner; or

> B. If return of the property is impossible, impracticable, or inadequate, pay an amount equal to:

>> The greater of -

>> (I) the value of the property on the date of the damage, loss, or destruction; or

>> (II) the value of the property on the date of sentencing, less the value as of the date the property is returned.

2. In any case, reimburse the victim for lost income and necessary child care, transportation, and other expenses incurred during participation in the investigation or prosecution of the offense or attendance at proceedings related to the offense.

The order of restitution has the effect of a civil judgment against the defendant. In addition to the court ordered restitution, the court may order that the conditions of its order of restitution be made a condition of probation or supervised release. Failure to make restitution as ordered may result in a revocation of probation, or a modification of the conditions of supervised release, or in the defendant being held in contempt under 18 U.S.C. § 3583(e). Failure to pay restitution may also result in the defendant's re-sentencing to any sentence which might originally have been imposed by the Court. See 18 U.S.C. §3614. The Court may also order that the defendant give notice to any victim(s) of his offense under 18 U.S.C. § 3555.